IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN L. WRIGHT, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

The United States brings this action to reduce to judgment the unpaid federal income taxes owed by Defendant John L. Wright for tax years 2003 through 2006, and 2014 through 2016.

1. This action has been authorized and requested by a delegate of the Secretary of the Treasury and is brought at the direction of the Attorney General of the United States pursuant to 26 U.S.C. § 7401.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1340, 1345, and 26 U.S.C. § 7402(a).

3. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the tax liabilities at issue accrued in this district, and the Defendant resides within this district.

4. Defendant John L. Wright is a retired businessman who, together with his wife, Sharon D. Wright, wholly owned a Retrofit & Power Services Inc., an inactive Florida corporation.

5. Wright also had interests in a number of other entities which offered a variety of services including: debt cancellation services, credit restoration services, trust creation, among others.

### Tax Years 2003 through 2006

6. For tax years 2003 through 2006, Wright earned taxable income from his business activities but failed to make estimated tax payments or file Forms 1040, *U.S. Individual Income Tax Return*, reporting that income.

7. Wright attempted to conceal his income from the IRS through his various business entities, which he used to pay his personal expenses.

8. One scheme Wright used to avoid paying federal taxes was to make his income appear tax exempt by operating his businesses under the pretext of being religious ministries. Wright instructed his clients to describe their payments as gifts or donations on money orders.

9. After being contacted by the IRS about his failure to file tax returns, Wright refused to cooperate with the IRS, made frivolous arguments commonly asserted by tax defiers, and he physically removed his mailbox from his home to avoid receiving IRS correspondence.

10. Because Wright failed to file tax returns, the IRS calculated Wright's tax liabilities for 2003 through 2006 and issued him a statutory notice of deficiency proposing to assess income tax deficiencies and penalties, including fraudulent failure to file penalties under 26 U.S.C. §6651(f).

11. Wright did not petition the Tax Court to redetermine the deficiencies the IRS proposed to assess. On October 15, 2012, a delegate of the Secretary of the Treasury assessed income tax, penalties, and interest against Wright for tax years 2003 through 2006 as follows:

| Tax Year | Tax | Penalties | | Interest |
|---|---|---|---|---|
| 2003 | $30,830.00 | Section 6654* | $795.45 | $30,157.65 |
| | | Section 6551(f) ** | $22,351.75 | |
| | | Section 6551(a)(2) *** (assessed on 11/9/2015) | $7,707.50 | |
| 2004 | $90,331.00 | Section 6654 | $2,588.63 | $76,964.41 |
| | | Section 6651(f) | $65,489.98 | |
| | | Section 6651(a)(2) | $22,582.75 | |
| 2005 | $205,204.00 | Section 6654 | $8,231.07 | $141,365.65 |
| | | Section 6651(f) | $148,772.90 | |
| | | Section 6651(a)(2) | $51,301.00 | |
| 2006 | $72,784.00 | Section 6654 | $3,444.42 | $36,972.57 |
| | | Section 6651(f) | $52,768.40 | |
| | | Section 6651(a)(2) | $18,196.00 | |

\* Failure to pay estimated tax  
\*\* Fraudulent failure to file return  
\*\*\* Late-payment penalty

## Tax Years 2014 through 2016

12. During tax years 2014 and 2015, Wright failed to file tax returns. Instead, he sent the IRS correspondence that again asserted frivolous arguments espoused by tax defiers. The IRS determined those submissions to be frivolous. Accordingly, a delegate of the Secretary of the Treasury assessed civil penalties against Wright for frivolous tax submissions under 26 U.S.C. § 6702 as follows:

| Tax Year | Assessment Date | Tax | Penalties | | Interest |
|---|---|---|---|---|---|
| 2014 | 03/21/2016 | $0.00 | Section 6702 | $10,000.00 | $0.00 |
| 2015 | 06/27/2016 | $0.00 | Section 6702 | $5,000.00 | $0.00 |

13. For tax year 2016, Wright filed an untimely Form 1040 on October 12, 2022 that reported a tax liability of $27,889, but he remitted only $1,000 with his return.

14. On January 2, 2023, a delegate of the Secretary of the Treasury assessed the tax Wright reported for 2016, along with late filing (§ 6651(a)(1)) and late payment (§ 6652(a)(2)) penalties, and interest as follows:

| Tax Year | Tax | Penalties | | Interest |
|---|---|---|---|---|
| 2016 | $27,889.00 | Section 6651(a)(1) | $5,744.25 | $8,724.57 |
| | | Section 6651(a)(2) | $6,382.50 | |

15. The IRS gave Wright notice of the assessments described above and made demand for payment.  Despite notices of assessment and demand for payment, Wright has refused or neglected to pay the assessed tax, interest, penalties, and statutory additions that have accrued. As of September 4, 2024, Wright owes $1,893,178.59 for the liabilities described above, plus statutory additions, including interest that continues to accrue.

### Suspension of the Statute of Limitations on Collection

16. The United States generally has ten years from the date of assessment to bring a proceeding in court to collect an unpaid federal tax.  26 U.S.C. § 6502(a)(1). Although the assessments of Wright's unpaid income taxes for tax years 2003 through 2006 occurred over ten years ago, on October 15, 2012, the period to bring this proceeding was suspended by several events.

17. Wright filed two petitions for reorganization under Chapter 13 of Title 11 of the United States Code.  The first was filed on March 27, 2013, and dismissed on April 18, 2013.  *In re: John Wright*, 3;13-bk-01814-PMG (Bankr. M.D. Fla.). Wright and his wife filed another petition under Chapter 13 on March 24, 2014. *In re: John Wright*, 3:14-bk-01323-PMG (Bankr. M.D. Fla.) That case was dismissed on April 28, 2014.

18. Each of these bankruptcies suspended the limitations period to bring this suit for the duration of each case, plus six months. In all Wright's bankruptcies

suspended the limitations period to collect the income taxes he owes for tax years 2003-2006 for a total 423 days.

19. The period of limitations to collect Wright's tax debts was also suspended by an Offer in Compromise that Wright filed with the IRS on October 31, 2022, to settle his tax debts for 2003 - 2006.  The IRS rejected the Offer in Compromise on August 2, 2023.  The limitations period to collect those taxes was suspended while the proposed offer was pending, plus 30 days.

20. In total, the period of limitations to collect Wright's unpaid income taxes for 2003 – 2006 was suspended for 729 days due to these tolling events, extending the period of limitations from October 15, 2022, to October 13, 2024, and this action is timely.

## PRAYER FOR RELIEF

The United States respectfully request that the Court:

A. Determine and adjudge that John L Wright is indebted to the United States for federal tax, penalties, and interest for tax years 2003 through 2006 and 2014 through 2016 in the amount of $1,893,178.59 (as of September 4, 2024) plus statutory additions including interest that continues to accrue as provided by law;

B. And grant such other and further relief as is just and proper, including costs of this action.

Dated: September 4, 2024           Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General

By:/s/ *Michael Troy*
MICHAEL F. TROY
D.C. Bar No. 1619254
Trial Attorney,
Tax Division
Department of Justice
1275 1st Street, N.E., 10219
Washington, DC 20002
Telephone: (202) 353-0061
Michael.Troy@usdoj.gov
*Counsel for the United States of America*