UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v().    CASE NO. 3:24-cv-916-TJC-SJH

JOHN L. WRIGHT,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on (i) Plaintiff United States' Motion for Clerk's Entry of Default against Defendant John L. Wright ("Motion"), Doc. 6; and (ii) Defendant's Preliminary Statement ("Statement"), Doc. 16.

Plaintiff filed its Motion on October 25, 2024, seeking entry of a clerk's default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure for failure to plead or otherwise defend. Doc. 6. On October 28, 2024, the undersigned took the Motion under advisement and directed Plaintiff to re-serve its Motion and to file a corresponding certificate of service, Doc. 8, which Plaintiff did, Doc. 9.

On November 22, 2024, Defendant, proceeding *pro se*, filed the Statement. Doc. 16. Because the Statement, filed at the early stages of this litigation, reflects that Defendant may intend to plead or defend in response to the Complaint, the Court will deny the Motion without prejudice. *Cf. Cherokee Funding II, LLC v. Iverson*, No. 6:17-cv-2017-Orl-37KRS, 2018 WL 4194070, at *1 (M.D. Fla. May 22, 2018).

However, the Statement fails to comply with the Federal Rules of Civil Procedure and Local Rules[1] of this Court. Generally, a party responding to a complaint may file a responsive pleading (known as an "answer") or a motion. A responsive pleading must comply with Rules 7(a), 8, and 10 of the Federal Rules of Civil Procedure. A motion in response to a complaint must comply with Rules 7(b) and 12 of the Federal Rules of Civil Procedure. Rule 12(b) of the Federal Rules of Civil Procedure further sets forth how to assert defenses to a claim for relief.

Liberally construed, it appears Defendant may seek to challenge the sufficiency of process and/or service of process. *See* Doc. 16 at 2. Such defenses must be raised in the defendant's first response to the complaint but may be raised in a responsive pleading (answer) or a pre-answer motion. *See* Fed. R. Civ. P. 12(b); *see also Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008) ("Under Rule 12, a defendant must raise any challenge to the sufficiency of service of process in the first response to the plaintiff's complaint; i.e., the defendant must include the defense in either its pre-answer motion to dismiss, or if no pre-answer motion is filed, then the defense must be included in the defendant's answer."). It is unclear whether Defendant intends for the Statement to constitute a responsive pleading or a motion seeking relief from the Court, but the Statement does not comply with the above-referenced rules of procedure applicable to either. To the extent Defendant seeks relief from the Court, any motion, in addition to the requirements of the Federal Rules

---

[1] The Local Rules are available at the Court's website at https://www.flmd.uscourts.gov/local-rules.

of Civil Procedure, must also comply with Local Rule 3.01. This includes, without limitation, the content requirements for all motions in Local Rule 3.01(a) and the conferral requirements for most motions in Local Rule 3.01(g). Finally, all filings must comply with the form and typography requirements of Local Rule 1.08.

For the reasons set forth above, the Court will deny the Motion without prejudice, strike the Statement, and direct Defendant to file a response to the Complaint that complies with the Federal Rules of Civil Procedure and Local Rules no later than December 18, 2024. Defendant is cautioned that the failure to do so may result in an entry of default against Defendant. Accordingly, it is **ORDERED**:

1. Plaintiff's Motion (Doc. 6) is **denied without prejudice**.

2. The Clerk is **directed** to **strike** but not remove from the docket Defendant's Statement (Doc. 16).

3. Defendant is **directed** to file a response to Plaintiff's Complaint in compliance with the instructions herein, the Federal Rules of Civil Procedure, and this Court's Local Rules, no later than **December 18, 2024**. Defendant's failure to do so may result in an entry of default against Defendant.

**DONE AND ORDERED** in Jacksonville, Florida, on November 27, 2024.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:
Counsel of Record
*Pro Se* Defendant