# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                  Case No. 3:24-cv-916-TJC-SJH

JOHN L. WRIGHT,

      Defendant.

## **O R D E R**

This tax case is before the Court on the government's motion for summary judgment (Doc. 28).   When pro se defendant John L. Wright did not timely respond, the Court entered an order advising Wright that his response to the motion was overdue and gave him until November 3, 2025 to respond (Doc. 30). The Court's order warned Wright that if he failed to respond, the material facts asserted by the government in its summary judgment motion would be deemed to be uncontroverted under Federal Rule of Civil Procedure 56, and if the Court granted the government's motion, it would be the Court's final decision (Doc. 30).   Wright did not file any response.[1]

---

[1] As the Court directed, the Clerk sent a copy of the order to two different addresses for Wright that were found in the file.   It appears both were returned to sender with no forwarding address available (see court only entries, Docs. 31, 33).   However, Wright was served with process and appeared in this case, filing numerous documents, including an answer, using one of these addresses.   See Docs. 16, 18, 19, 21.   Wright was previously advised that failure to participate

The government seeks judgment in the amount of $2,034,523.18 as of August 29, 2025, plus fees, statutory additions, and interest as provided by 26 U.S.C. § 6621, 6622, based on Wright's unpaid federal income taxes for years 2003, 2004, 2005, 2006, 2014, 2015, and 2016.   See Doc. 28.   The government supports its motion with IRS Forms 4340 (Doc. 28, Exs. 1-7), an IRS financial summary (Doc. 28, Ex. 8), a declaration from IRS Officer Laura Williams explaining how the calculations were made (Doc. 28, Ex. 10), and a copy of a "Revocation of Election Affidavit" Wright provided to the IRS in which he claimed, in essence, that he owed no federal taxes because the government's taxing authority does not extend to those born in one of the fifty states as those persons are sovereign (Doc. 28, Ex. 9).

Summary judgment is due to be entered under Federal Rule of Civil Procedure 56(a) when the movant demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).

An IRS assessment "is entitled to a legal presumption of correctness" and constitutes a "determination that a taxpayer owes the Federal Government" the amount assessed.   United States v. Fior D'Italia, Inc., 536 U.S. 238, 242 (2002).

---

in the litigation could result in judgment against him.   See Order, Doc. 22. (This order was returned to sender marked "refused."   See court only entry, Doc. 24).   Wright's failure to maintain a current address or to check the Court docket will not prevent entry of judgment against him.

Under the tax code, penalties and other additional amounts are considered part of the "tax" assessed and shall be collected and paid in the same manner as the tax. 26 U.S.C. § 6665(a). To reduce an assessment to judgment, "the government must first prove that the assessment was properly made." United States v. Stein, 881 F.3d 853, 855 (11th Cir. 2018) (citation omitted). Once it does so, the burden shifts to the taxpayer to show the assessment is "erroneous." Id. (citation omitted).

Here, the government has fully supported its assessment of taxes owed through the Form 4340 documents, summary, and accompanying declaration of its agent (Doc. 28, Exs. 1-8, 10). By Wright failing to respond to the motion, the facts asserted by the government are deemed uncontroverted. Fed. R. Civ. P. 56(e)(2). Even taking into account the papers Wright filed earlier in the case (Docs. 16, 18, 19, 21) and the treatise he supplied to the IRS (Doc. 28, Ex. 9), none of it refutes the government's evidence. The United States has therefore proven, without refute, that its assessment of taxes owed by John L. Wright for tax years 2003, 2004, 2005, 2006, 2014, 2015, and 2016 was properly made; the government is therefore entitled to judgment as a matter of law.

Accordingly, it is hereby

**ORDERED**:

1.    The United States' Motion for Summary Judgment (Doc. 28) is **GRANTED**.

3

2.     The Clerk shall enter judgment in favor of the United States and against defendant John L. Wright in the amount of $2,034,523.18 as of August 29, 2025, plus fees, statutory additions, and interest as provided by 26 U.S.C. §§ 6621, 6622.

3.     The Clerk is directed to mail a copy of this order and the judgment to defendant at the address listed for him on the docket and to 10585 Crystal Springs Road, Jacksonville, Florida 32221.

4.     Following entry of judgment, the Clerk shall close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 23rd day of February, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:
Counsel of record
Pro se defendant

4